UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GARY ALEXANDER, an individual, JUSTIN ALEXANDER, an individual; and ALEXANDER LENDING, INC., d/b/a ALEXANDER LENDING, a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> JUSTIN ALEXANDER, INC., a New Jersey corporation, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

COME NOW, Plaintiffs, GARY ALEXANDER, JUSTIN ALEXANDER and

ALEXANDER LENDING, INC., by and through their attorneys of record David Chen and Tyler

Hubley of DWC Law Firm, P.S.;

Providing notice to Domain.com (Registrar) via the registration service provider

Dotster.com that the Registrar must refrain from transferring, suspending or otherwise modifying

the domain name, <justinalexander.com>, during the pendency of the action, except upon order

of the Court; and

Alleging as follows:

## I.     NATURE OF THE CASE

1.     This action is brought pursuant 15 U.S.C. 1114(2)(D)(v) for declaratory

judgment arising under the Federal Declaratory Judgments Act (28 U.S.C. §§ 2201 and 2202),

involving a domain name dispute between Plaintiffs Gary Alexander, Justin Alexander and

Alexander Lending, Inc. ("Plaintiffs") and Defendant Justin Alexander, Inc. ("Defendant"),

concerning the domain name, <justinalexander.com> (the "Domain Name").  The Plaintiffs seek

declaratory relief to establish that Gary Alexander's and/or Alexander Lending, Inc.'s

registration and/or use of the Domain Name is not unlawful under the Anticybersquatting

Consumer Protection Act (15 U.S.C. § 1125(d) ("ACPA") or otherwise under the Lanham Act

(15 U.S.C. § 1051 et. Seq.), and to prevent the transfer of the Domain Name to Defendant, which

was ordered in a National Arbitration Forum decision for a Uniform Domain Name Dispute

Resolution Policy proceeding ("UDRP") as Case No. FA1304001493361.


.**II.**     **PARTIES**

2.      Plaintiff Gary Alexander is an individual, residing in Redmond, Washington.

3.      Plaintiff Justin Alexander is the son of Gary Alexander and an individual residing

in Redmond, Washington.

4.      Plaintiff Alexander Lending, Inc. is a corporation, organized under the laws of

Washington. Plaintiff Gary Alexander is the listed corporate registered agent and sole

shareholder of Alexander Lending, Inc.

5.      On information and belief, Defendant is a corporation located in Pine Brook, New

Jersey and organized under the laws of New Jersey.


**III.**     **JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 because Plaintiffs seek a declaration, pursuant to 15 U.S.C. 1114(2)(D)(v) and 28 U.S.C. §

2201, that their registration and use of the Domain Name does not violate the ACPA.

7.      This Court has personal jurisdiction over Defendant because Defendant agreed to

submit to the jurisdiction of this Court when it initiated a UDRP proceeding through the National

2

Arbitration Forum concerning the Domain Name. Specifically, Defendant agreed in its UDRP complaint to submit to jurisdiction at the Registrar's address at the time the UDRP complaint was submitted. At that time, the listed Registrar's address was 10 Corporate Dr. Suite 300, Burlington, MA .

8.     Venue is proper under 28 U.S.C. §1391(b)(3) .


## IV.     FACTS

9.     Gary Alexander created the Domain Name, <justinalexander.com>, on January 12, 1999, was the listed registrant at the time of its creation, and is currently the lawful owner and registrant of the Domain Name.

10.     Gary Alexander created the Domain Name, based on his son's name, Justin Alexander, who was a minor when it was created, and intended the Domain Name to be passed on to his son in the future for his son's future use.  Indeed, Gary Alexander has promised his son that he will pass on control and ownership of the domain name to him, and Justin Alexander is an intended beneficiary of the Domain Name.

11.     On or about January 10, 1999, Gary Alexander created a domain name <jaredalexander.com>, for his second son, Jared Alexander.  On or about January 12, 1999, Gary Alexander also created domain names based on his own name, <garyalexander.com>, and his wife's name, <dianealexander.com>.

12.     Justin Alexander recently graduated, in May 2013, with a Bachelor of Arts in Business Administration with Entrepreneurship Emphasis, and has begun use of the Domain Name to host a website displaying his resume and work experience.  Prior to that time, Justin

Alexander has used the Domain Name on which to base his email address,

justin@justinalexander.com.

13.     On information and belief, Defendant is bridal designer and maker of wedding dresses and markets under the trademark, JUSTIN ALEXANDER.

14.     On information an belief, Defendant did not commence use of its trademark, JUSTIN ALEXANDER, until May, 2001, more than two years after Gary Alexander created the Domain Name for his son's future use.

15.     On information and belief, Defendant did not file a federal trademark application until January 17, 2011, just over twelve years after Gary Alexander created the Domain Name for his son's future use.

16.     Prior to initiating its UDRP complaint regarding the Domain Name, Defendant contacted Gary Alexander, and offered to purchase the Domain Name from him.  Gary Alexander did not accept the offer to purchase, and has never intended to, and has never expressed interest in, transferring, selling, or assigning the Domain Name to Defendant, or any other third party for financial gain.  Furthermore, Defendant has not, either in correspondence with the Plaintiffs, or during the UDRP proceeding, alleged or raised any evidence to allege, that any of the Plaintiffs attempted to sell the domain name to the Defendant or any other party.

17.     None of the Plaintiffs has ever used the domain name to market products or services related to, similar to, in the same channel of trade as, or competing against, those products or services provided by the Defendant, and Defendant does not have a "famous mark" in the mark JUSTIN ALEXANDER.  Furthermore, none of the Plaintiffs has ever intentionally interfered with the business of the Defendant.

18.     The decision of the National Arbitration Forum panelist in the UDRP proceeding

in NAF Case no. FA1304001493361 held that the respondent  "did not know who owned" the

domain name.  However, as set forth by Plaintiff Gary Alexander in the UDRP proceeding

supported by declaration and exhibits, he was the continuous owner, or beneficial owner, of the

domain name. In particular, Gary Alexander presented evidence that although Alexander

Lending was at one time listed as a registrant for the Domain Name, along with the corporate

address for Alexander Lending, Inc., so as not to conceal the formal registrant's identity, Gary

Alexander was the sole shareholder and registered agent for Alexander Lending, Inc.

Furthermore, throughout the history of the Domain Name, Gary Alexander had engaged two

independent contractors to assist in maintaining the Domain Name (as well as the other domain

names as listed above) and to provide technical services, and one of the independent contractors,

Robert Scribner of Northwest Custom Webs, listed the registrant under one or more different

names, including, "RV Travel Buddy."  However, Gary Alexander was not aware of such listings

in the formal registrant data at the time it occurred, never transferred any ownership rights in the

domain name to any of the independent contractors, and maintained ownership and authority to

control the domain name, as evidenced by his later delegation of responsibilities for maintaining

the Domain Name away from Robert Scribner of Northwest Custom Webs, to another

independent contract, and his current control and maintenance of the domain name.  Despite such

evidence presented to the NAF panelist, the panelist concluded that the Plaintiff, Gary Alexander

and/or Alexander Lending, "did not retain control over the <justinalexander.com> domain name,

and Respondent's potential bad faith should be judged by or based upon on its most recent

registration of the disputed domain name," thereby ignoring Gary Alexander's original

3144350.1

registration date for the Domain Name and concluding bad faith was present, supporting the transfer of the Domain Name.

19.     Contrary to the UDRP decision, Gary Alexander's and Alexander Lending's use and registration of the Domain Name is and/or has been, in good faith, and independent of the Defendant's trademark.

20.     Gary Alexander's and Alexander Lending's use and intended use of the disputed Domain Name is and/or has been, for lawful purposes, namely, to transfer the Domain Name to Justin Alexander, the son of Gary Alexander, for his personal or business use as he embarks on his future career after graduating from university.

21.     Gary Alexander did not know of  Defendant's claim in trademark rights prior to registering/creating the disputed Domain Name.

22.     Neither Gary Alexander or Alexander Lending, offered to transfer, sell, or otherwise assign the domain name to the Defendant or a third party for financial gain.

## V.     FIRST CAUSE OF ACTION

## DECLARATORY RELIEF – 28 U.S.C. § 2201 NO VIOLATION OF ACPA

23.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     There is an actual controversy with respect to whether the Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the ACPA and the Lanham Act.

25.      Plaintiff is entitled to a declaration that its use and registration of the Domain Name is in compliance with the ACPA and is not in bad faith, and does not infringe the Defendant's trademark rights under the Lanham Act.

3144350.1

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1.      A Judgment declaring that the UDRP decision issued by the NAF panel in Case No. FA1304001493361 is negated and that the Register be enjoined from transferring the Domain Name to the Defendant.

2.      A Judgment declaring that Plaintiff's registration and use of the disputed Domain Name does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

3.      A Judgment declaring that Plaintiff's registration and use of the disputed Domain Name does not violate Defendant's rights under the Lanham Act, 15 U.S.C. § 1051 et seq.

4.      A Judgment declaring, pursuant to 15 U.S.C. § 1114(2)(D)(v) inter alia, that Plaintiff is not required to transfer registration for the disputed Domain Name to Defendant.

5.      For an award of attorneys' fees and costs against Defendant.

6.      That the Court grant such other, further, and different relief in favor of Plaintiff and against Defendant as the Court deems proper under the circumstances.

## VII.     JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

7

DATED:  June 17, 2013

Respectfully submitted,

GARY ALEXANDER, an individual, JUSTIN
ALEXANDER, an individual; and ALEXANDER
LENDING, INC., d/b/a ALEXANDER LENDING,
a Washington corporation,

By their attorneys,

/s/ Michael A. Albert
Michael A. Albert
BBO# 558566
Eric J. Rutt
BBO# 676631
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
(617) 646-8000 (T)
(617) 646-8646 (F)
malbert@wolfgreenfield.com

OF COUNSEL:

David Chen (WSBA #30874)
Tyler Hubley (WSBA #42318)
DWC LAW FIRM, P.S.
219 First Ave. South, Suite 400
Seattle, WA 98104
206.583.2609 (T)
206.583.2344 (F)
dwcdocket@dwcattorney.com

8